# EXHIBIT A-1

Hearing Date: 4/19/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
Cook County, IL

FILED
12/18/2020 12:34 P
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07364

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| LILLIE YANCEY, on behalf of herself and all others similarly situated, | |
| Plaintiff, | CASE NO. 2020CH07364 _____ |
| v. | |
| TRUMBULL INSURANCE COMPANY, | DEMAND FOR JURY TRIAL |
| Defendant. | |

### CLASS ACTION COMPLAINT

Plaintiff Lillie Yancey ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against Trumbull Insurance Company ("Trumbull" or "Defendant") and in support states as follows:

### NATURE OF THE ACTION

1.      This is a class action lawsuit by Plaintiff Lillie Yancey who was the named insured under a Trumbull automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2.      Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for Trumbull's promises under its automobile policy.

3.      Nevertheless, Trumbull failed to include sales tax in making its loss payment to Class Members in breach of its clear policy promise.

4.      This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Trumbull's failure to pay sales tax.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue in this Court are proper pursuant to 735 ILCS 5/2-209(a)(1), 5/2-209(a)(3), 5/2-209(a)(4), 5/2-209(a)(7), 5/2-209(b)(3), 5/2-209(b)(4) and 5/2-209(c) of the Illinois Code of Civil Procedure. The alleged conduct that is the subject of this action occurred within Cook County, Illinois.

6.      Venue is proper in this Court pursuant to 735 ILCS 5/2-101(2) because this is the county in which the transaction, or some part thereof, occurred.

## THE PARTIES

7.      At all times material hereto, Plaintiff Lillie Yancey is and was a citizen of the State of Illinois and domiciled in Cook County.

8.      At all times material hereto, Defendant is and was a corporation located in the State of Connecticut and authorized to transact insurance in the State of Illinois, conducting a substantial part of its business in Cook County. Defendant's principal place of business and headquarters are both located in the State of Connecticut.

## TRUMBULL POLICY

9.      The Form Policy issued by Trumbull to the Plaintiff and all putative Class Members are virtually identical in all material respects. Affixed hereto as **Exhibit A** is the Policy Form issued to Ms. Yancey (the "Policy"). The terms therein are applicable and identical to the terms applicable to Ms. Yancey and all putative Class Members. *See* Policy, Ex. A.

10.     In its standardized Policy, Defendant promises to pay for "direct and accidental loss" to a covered auto. *Id.* at 20.

11. In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "we may pay for loss in money or repair or replace the damaged or stolen property." *Id.* at 24.

12. Defendant further promises "[i]f we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." *Id.*

### PLAINTIFF LILLIE YANCEY'S ACCIDENT

13. At all times material hereto, Plaintiff insured a 2005 Saturn Ion under the Policy issued by Trumbull.

14. On or about January 31, 2019, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with Trumbull.

15. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle value of $3,280.92 and a market vehicle value of $3,106.79. *See* Valuation Report, attached hereto as **Exhibit B**.

16. Trumbull calculates the base and adjusted value through a third-party vendor Mitchell International, Inc. ("Mitchell"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, Mitchell identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Ex. B.

17. Mitchell calculated that the sales tax on the adjusted vehicle value was $219.08. *Id.* at 1.

18. However, Trumbull *removed* sales tax when making payment. Instead, Trumbull paid less than the market value reflected by Mitchell and made a payment in the amount of

$3,021.79. By failing to include sales tax in making payment for the loss, Trumbull breached its contract with Plaintiff. *See* Settlement Letter, attached hereto as **Exhibit C**.

19.     Nothing in the Policy unambiguously excludes sales tax or contradicts Defendant's promise to pay sales tax where it pays for the loss in money. To the extent the applicable limitation on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

20.     Similarly, Trumbull failed to pay sales tax to all Members of the Class, defined below, and thus breached its contract with all such Class Members.

## CLASS ALLEGATIONS

21.     Pursuant to 735 ILCS 5/2-801, *et seq.*, Plaintiff brings this action as representative of the Class defined as follows:

> All Illinois insureds, under a policy issued by Trumbull covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations period prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property damage claim determined by Trumbull to constitute a covered loss claim and where the loss claim payment did not include sales tax.

22.     The Policy, including comprehensive and collision coverage and the Payment of Loss section, are materially identical as to Plaintiff and all Members of the Class, and apply equally to Plaintiff and all Members of the Class.

23.     There are numerous parties such that it would be impracticable to bring all the parties before the court. For example, upon information and belief and based on the premiums written in this state by Trumbull and Trumbull's loss ratio (percentage of premiums collected paid on claims), Plaintiff estimates there are thousands of Members of the Class.

4

24.     Additionally, there exists a question of common interest as to Members of the Class—namely, whether sales tax should be paid as part of a payment of loss under the Policy.

25.     This case is ideally suitable for class treatment because the common question (a) is a legal question of policy interpretation resolvable as a matter of law by this Court and (b) this Court's determination will resolve virtually the entirety of each Member of the Class's claims in one stroke. If this Court determines that a loss payment includes sales tax, then every Member of the Class is entitled to payment of sales tax (less the amount, if any, previously paid).

26.     Calculation of such damages will be a ministerial effort based on data and records in Defendant's possession and kept as a normal, business practice.

27.     Moreover, it would be a significant waste of judicial and party resources to file thousands of individual lawsuits merely to resolve the exact same question of policy interpretation, and to do so would unnecessarily create the risk of inconsistent adjudications and conflict within and between the courts. It is far more efficient—and far more preferable—to resolve the centrally dispositive question of policy interpretation for thousands of Class Members in a single stroke.

28.     Importantly, Plaintiff and the undersigned have no conflicts adverse to those of the Class, and there are no other issues or facts that preclude class treatment or render it less than ideal for any reason.

## COUNT I: BREACH OF CONTRACT

29.     Paragraphs 1 through 28 are hereby incorporated by reference.

30.     This count is brought by Plaintiff Lillie Yancey individually and on behalf of the Class Members.

31.     Plaintiff was party to an insurance contract with Trumbull as set forth herein. All Class Members were parties to an insurance contract with Trumbull containing materially identical terms. Plaintiff and Members of the Class satisfied all conditions precedent.

32.     Plaintiff and all Class Members made a claim determined by Trumbull to be a first-party loss under the insurance policy and determined by Trumbull to be a covered claim.

33.     Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

34.     By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

35.     As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the sales tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Lillie Yancey, individually and on behalf of the Class Members, demands a trial by jury on all triable issues and seek relief and judgment as follows:

a.      For an Order certifying this action as a Class Action on behalf of the Class described above;

b.      For an award of compensatory damages for the Class in amounts owed under the Policies;

c.      For all other damages according to proof;

d.      For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

6

e.      For costs of suit incurred herein;

f.      For pre- and post-judgment interest on any amounts awarded; and

g.      For injunctive and other further forms of relief as this Court deems just and proper.

Dated: December 18, 2020                    Respectfully submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger (IL Bar No. 6303726)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: (202) 429-2290
Fax: (202) 429-2294
gklinger@masonllp.com

Rachel Dapeer* (FL Bar No. 108039)
**DAPEER LAW, P.A.**
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Phone: (305) 610-5223
rachel@dapeer.com

Edmund A. Normand* (FL Bar No. 865590)
Jacob L. Phillips* (FL Bar No. 120130)
**NORMAND PLLC**
3165 McCrory Place, Suite 175
Orlando, FL 32803
Phone: (407) 603-6031
ed@normandpllc.com
jacob.phillips@normandpllc.com
service@normandpllc.com

Scott Edelsberg, Esq.* (FL Bar No. 0100537)
**EDELSBERG LAW, P.A.**
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
scott@edelsberglaw.com

Andrew J. Shamis* (FL Bar No. 101754)
**SHAMIS & GENTILE**
14 NE 1st Avenue, Suite 705
Miami, FL, 33132
Phone: (305) 479-2299
ashamis@shamisgentile.com

***Counsel for Plaintiff Lillie Yancey and the
putative Class***

* Applications for admission *pro hac vice* to be filed

8

FILED
12/18/2020 12:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07364

11558744

# EXHIBIT A

# The Hartford
# Personal Auto
# Insurance Policy

# Illinois

THE
HARTFORD

## PERSONAL AUTO POLICY COVER SHEET - ILLINOIS

Your personal auto insurance policy is a legal contract between you and your insurance company.

**READ YOUR POLICY CAREFULLY.** This cover sheet provides only a brief outline of some of the important features of your policy. This is not the insurance contract and only the actual policy provisions will control. The policy itself sets forth in detail the rights and obligations of both you and your insurance company. **IT IS THEREFORE IMPORTANT THAT YOU READ YOUR POLICY.**

The following is an index of the major provisions of your policy. Page numbers refer to the location of these provisions in the policy. Amendatory endorsements may be attached to your policy to modify these provisions or provide you with additional coverage(s).

### INDEX OF MAJOR
### PROVISIONS OF THE POLICY

|  | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A -- LIABILITY COVERAGE** | 3 |

| Insuring Agreement | Out of State Coverage |
|---|---|
| Supplementary Payments | Financial Responsibility |
| Exclusions | Other Insurance |
| Limit of Liability | |

**PART B -- MEDICAL PAYMENTS COVERAGE** ....................................... 7

| Insuring Agreement | Limit of Liability |
|---|---|
| Exclusions | Other Insurance |

**PART C -- UNINSURED/UNDERINSURED MOTORISTS COVERAGE** ....... 9

### SECTION I - UNINSURED MOTORISTS COVERAGE (BODILY INJURY)

| Insuring Agreement | Other Insurance |
|---|---|
| Exclusions | Arbitration |
| Limit of Liability | |

**Form 8412** (Illinois)

## SECTION II - UNINSURED MOTORISTS COVERAGE (PROPERTY DAMAGE)

Insuring Agreement
Exclusions
Limit of Liability

Other Insurance
Arbitration
Additional Duties After
   An Accident or Loss

## SECTION III - UNDERINSURED MOTORISTS COVERAGE

Insuring Agreement
Exclusions
Limit of Liability
Other Insurance

Arbitration
Additional Duties
Part F - General Provisions
   Our Right To Recover Payment

## PART D -- COVERAGE FOR DAMAGE TO YOUR AUTO ........................ 20

Insuring Agreement
Transportation Expenses
Exclusions
Limit of Liability
Payment of Loss

Loss Payable Clause
Towing and Labor Costs
No Benefit to Bailee
Other Sources of Recovery
Appraisal

## PART E -- DUTIES AFTER AN ACCIDENT OR LOSS ............................ 25

General Duties
Additional Duties for Uninsured
   Motorists Coverage

Additional Duties for  Coverage
   For Damage To Your Auto

## PART F -- GENERAL PROVISIONS ..................................................... 26

Bankruptcy
Changes
Fraud
Legal Action Against Us
Our Right To Recover Payment
Policy Period and Territory
Premium

Termination
Transfer of Your Interest in
   This Policy
Two or More Auto Policies
Snowmobile Coverage
Named Non-Owner Coverage

This is **not** inclusive.  There may be other endorsements attached to your policy.
**READ YOUR POLICY AND ALL ENDORSEMENTS TO YOUR POLICY
CAREFULLY.**

**Form 8412**   (Illinois)

| AGREEMENT |
|---|

**In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:**

| DEFINITIONS |
|---|

A.  Throughout this policy, **you** and **your** refer to:
1.  The **named insured** shown in the Declarations; and
2.  The spouse if a resident of the same household.

If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered **you** and **your** under this policy but only until the earlier of:
1.  The end of 90 days following the spouse's change of residency;
2.  The effective date of another policy listing the spouse as a named insured; or
3.  The end of the policy period.

B.  **We, us** and **our** refer to the Company providing this insurance.

C.  For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:
1.  Under a written agreement to that person; and
2.  For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks when used.

D.  "**Bodily injury**" means bodily harm, sickness or disease, including death that results.

E.  "**Business**" includes trade, profession or occupation.

F.  "**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

G.  "**Occupying**" means in, upon, getting in, on, out or off.

H.  "**Property damage**" means physical injury to, destruction of or loss of use of tangible property.

I.  "**Trailer**" means a vehicle designed to be pulled by a:
1.  Private passenger auto; or
2.  Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in **1.** or **2.** above.

J.  "**Your covered auto**" means:
1.  Any vehicle shown in the Declarations.
2.  A **newly acquired auto.**
3.  Any **trailer** you own.
4.  Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
    a.  Breakdown;

Form 8412                    Page 1 of 31

      **b.** Repair;

      **c.** Servicing;

      **d.** Loss; or

      **e.** Destruction.

This Provision (**J.4.**) does not apply to Coverage For Damage To Your Auto.

**K.** Newly acquired auto:

  **1.** "**Newly acquired auto**" means any of the following types of vehicles you become the owner of during the policy period:

      **a.** A private passenger auto; or

      **b.** A pickup or van, for which no other insurance policy provides coverage, that:

        **(1)** Has a Gross Vehicle Weight of less than 10,000 lbs.; and

        **(2)** Is not used for the delivery or transportation of goods and materials unless such use is:

          **(a)** Incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

          **(b)** For farming or ranching.

  **2.** Coverage for a **newly acquired auto** is provided as described below. If you ask us to insure a **newly acquired auto** after a specified time period described below has elapsed, any coverage we provide for a **newly acquired auto** will begin at the time you request the coverage.

      **a.** For any coverage provided in this policy except Coverage For Damage To Your Auto, a **newly acquired auto:**

        **(1)** Which replaces a vehicle shown in the Declarations will have the same coverage as the vehicle it replaced.

        **(2)** Which is in addition to any vehicle shown in the Declarations will have the broadest coverage we now provide for any vehicle shown in the Declarations.

      Coverage begins on the date you become the owner. However, for this coverage to apply to a **newly acquired auto** which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 30 days after you become the owner.

      If a **newly acquired auto** replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

      **b.** Collision Coverage for a **newly acquired auto** begins on the date you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the **newly acquired auto** will have the broadest coverage we now provide for any auto shown in the Declarations. However, for this coverage to apply, you must ask us to insure the **newly acquired auto** within 30 days after you become the owner.

**Form 8412**             **Page 2 of 31**

c. Other Than Collision Coverage for a **newly acquired auto** begins on the date you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the **newly acquired auto** will have the broadest coverage we now provide for any auto shown in the Declarations. However, for this coverage to apply, you must ask us to insure the **newly acquired auto** within 30 days after you become the owner.

## PART A – LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

B. "**Insured**" as used in this Part means:
   1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.
   2. Any person using **your covered auto**.
   3. For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
   4. For any auto or **trailer**, other than **your covered auto**, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This Provision (**B.4.**) applies only if the person or organization does not own or hire the auto or **trailer**.

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured**:
1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy.
2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.
4. Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
5. Other reasonable expenses incurred at our request.

Form 8412                           Page 3 of 31

EXCLUSIONS

A.  We do not provide Liability Coverage for any **insured**:

1.  Who intentionally causes **bodily injury** or **property damage**.

2.  For **property damage** to property owned or being transported by that **insured**.

3.  For **property damage** to property:
    a.  Rented to;
    b.  Used by; or
    c.  In the care of;
    that **insured**.
    This Exclusion (**A.3.**) does not apply to **property damage** to a residence or private garage.

4.  For **bodily injury** to an employee of that **insured** during the course of employment. This Exclusion (**A.4.**) does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5.  For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This Exclusion (**A.5.**) does not apply to a share-the-expense car pool.

6.  While employed or otherwise engaged in the **business** of:
    a.  Selling;
    b.  Repairing;
    c.  Servicing;
    d.  Storing; or
    e.  Parking;
    vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion (**A.6.**) does not apply to the ownership, maintenance or use of **your covered auto** by:
    a.  You;
    b.  Any **family member**; or
    c.  Any partner, agent or employee of you or any **family member**.

7.  Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion A.6.
    This Exclusion (**A.7.**) does not apply to the maintenance or use of a:
    a.  Private passenger auto;
    b.  Pickup or van; or
    c.  **Trailer** used with a vehicle described in **a.** or **b.** above.

8.  Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**A.8.**) does not apply to a **family member** using **your covered auto** which is owned by you.

9.  For **bodily injury** or **property damage** for which that **insured**:
    a.  Is an insured under a nuclear energy liability policy; or

    **b.** Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

    **a.** Nuclear Energy Liability Insurance Association;

    **b.** Mutual Atomic Energy Liability Underwriters; or

    **c.** Nuclear Insurance Association of Canada.

**10.** For **bodily injury** to you or any **family member**. However, this exclusion does not apply:

    **a.** To the maintenance or use of **your covered** auto by any **insured** other than you or any **family member**; or

    **b.** When a third party acquires a right of contribution against you or any **family member**.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1.** Any vehicle which:

    **a.** Has fewer than four wheels; or

    **b.** Is designed mainly for use off public roads.

This Exclusion **(B.1.)** does not apply:

    **a.** While such vehicle is being used by an **insured** in a medical emergency;

    **b.** To any **trailer**; or

    **c.** To any non-owned golf cart.

**2.** Any vehicle, other than **your covered auto**, which is:

    **a.** Owned by you; or

    **b.** Furnished or available for your regular use.

**3.** Any vehicle, other than **your covered auto**, which is:

    **a.** Owned by any **family member**; or

    **b.** Furnished or available for the regular use of any **family member**.

However, this Exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

    **a.** Owned by a **family member**; or

    **b.** Furnished or available for the regular use of a **family member**.

**4.** Any vehicle, located inside a facility designed for racing, for the purpose of:

    **a.** Competing in; or

    **b.** Practicing or preparing for;

any prearranged or organized racing or speed contest.

**Form 8412**               **Page 5 of 31**

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **B** or Part **C** of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

Form 8412                           Page 6 of 31

## PART B – MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

A. We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury**:

 1. Caused by accident; and
 2. Sustained by an **insured**.

 We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. **Insured** as used in this Part means:

 1. **You** or any **family member**:
    a. While **occupying**; or
    b. As a pedestrian when struck by;
       a motor vehicle designed for use mainly on public roads or a trailer of any type.
 2. Any other person while **occupying**:
    a. **Your covered auto**; or
    b. Any other auto operated by:
       (1) **You**; or
       (2) A **family member**, if the auto is a private passenger auto or trailer.

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

 1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.
 2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This Exclusion **(2.)** does not apply to a share-the-expense car pool.
 3. Sustained while **occupying** any vehicle located for use as a residence or premises.
 4. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury**.
 5. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
    a. Owned by **you**; or
    b. Furnished or available for your regular use.
 6. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
    a. Owned by any **family member**; or
    b. Furnished or available for the regular use of any **family member**.
    However, this Exclusion **(6.)** does not apply to **you**.
 7. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion **(7.)** does not apply to a **family member** using **your covered auto** which is owned by **you**.

Form 8412                    Page 7 of 31

8. Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured**. This Exclusion (**8.**) does not apply to **bodily injury** sustained while **occupying** a:

   a. Private passenger auto;

   b. Pickup or van that you own; or

   c. **Trailer** used with a vehicle described in **a.** or **b.** above.

9. Caused by or as a consequence of:

   a. Discharge of a nuclear weapon (even if accidental);

   b. War (declared or undeclared);

   c. Civil war;

   d. Insurrection; or

   e. Rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. Nuclear reaction;

    b. Radiation; or

    c. Radioactive contamination.

11. Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:

    a. Competing in; or

    b. Practicing or preparing for;

    any prearranged or organized racing or speed contest.

12. For any **insured** for **bodily injury** sustained while **occupying** any auto not owned by, or furnished or available for the regular use of, you or any **family member** when it is being used as a public or livery conveyance. However, this exclusion does not apply to:

    a. A share-the-expense car pool; or

    b. You or any **family member.**

---

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

   1. Part **A** or Part **C** of this policy; or

   2. Any Underinsured Motorists Coverage provided by this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

---

**PART C – UNINSURED/UNDERINSURED MOTORISTS COVERAGE**
**SECTION I - UNINSURED MOTORISTS COVERAGE**
**(BODILY INJURY)**
**This Section Applies Only If Uninsured Motorists Coverage (Bodily Injury)**
**Is Indicated On The Declarations Page**

---

**INSURING AGREEMENT**

A. We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

    1. Sustained by an **insured**; and

    2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "**Insured**" as used in this Part means:

    1. You or **any family member.**

    2. Any other person **occupying:**

        a. **Your covered auto**; or

        b. Any other auto operated by you.

C. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

    1. To which no bodily injury liability bond or policy applies at the time of the accident.

    2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged.

    3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an object to hit:

        a. You or any **family member;**

        b. A vehicle which you and any **family member** are **occupying;** or

        c. **Your covered auto.**

    If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved.

    4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

Form 8412                    Page 9 of 31

    **a.** Denies coverage; or

    **b.** Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member** unless it is a **your covered auto** to which Part A of the policy applies and liability coverage is excluded for damages sustained in the accident.
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3. Owned by any governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not on public roads.
6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:
1. By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
2. By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured**
1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent.
2. While **occupying your covered** auto when it is being used as a public or livery conveyance. This Exclusion **(B.2.)** does not apply to a share-the-expense car pool.
3. Using a vehicle without a reasonable belief that that **insured is** entitled to do so. This Exclusion **(B.3.)** does not apply to a **family member** using **your covered auto** which is owned by you.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
1. Workers' compensation law; or
2. Disability benefits law.

D. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

E. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured** while **occupying** any auto not owned by, or furnished or available for the regular use of, you or any **family member** when it is being used a public or livery conveyance. However, this exclusion does not apply to:
    **a.** A share-the-expense car pool; or
    **b.** You or any **family member.**


**Form 8412**                 **Page 10 of 31**

**LIMIT OF LIABILITY**

A.   The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

1.   **Insureds;**
2.   Claims made;
3.   Vehicles or premiums shown in the Declarations; or
4.   Vehicles involved in the accident.

B.   No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1.   Part A. or Part B. of this policy; or
2.   Any Underinsured Motorists Coverage provided by this policy.

C.   We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D.   We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1.   Workers' compensation law; or
2.   Disability benefits law.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1.   Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2.   Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

3.   If the coverage under this policy is provided:

a.   On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

Form 8412                            Page 11 of 31

   **b.** On an excess basis, we will pay only our share of the loss that must
   be paid under insurance providing coverage on an excess basis. Our
   share is the proportion that our limit of liability bears to the total of all
   applicable limits of liability for coverage provided on an excess basis.

## ARBITRATION

A. If we and an **insured** do not agree:
1. Whether that person is legally entitled to recover damages under this
   part; or
2. As to the amount of damages;
either party may make a written demand for arbitration. In this event, each
party will select an arbitrator. The two arbitrators will select a third. If such ar-
bitrators are not selected within 45 days, either party may request that the ar-
bitration be submitted to the American Arbitration Association.

B. We will bear all the expenses of the arbitration except when the **insured's**
recovery exceeds the minimum limit specified in the Illinois Safety
Responsibility Law. If this occurs, the **insured** will be responsible up to the
amount by which the **insured's** recovery exceeds the statutory minimum for:
1. Payment of his or her expenses; and
2. An equal share of the third arbitrator's expenses.

C. Unless both parties agree otherwise, arbitration will take place in the county in
which the **insured** lives. Local rules of law as to procedure and evidence will
apply. A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the **insured** is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed
   the minimum limit for bodily injury liability specified by the Illinois Safety
   Responsibility Law. If the amount exceeds that limit, either party may de-
   mand the right to a trial. This demand must be made within 60 days of the
   arbitrators' decision. If this demand is not made, the amount of damages
   agreed to by the arbitrators will be binding.

---

### SECTION II - UNINSURED MOTORISTS COVERAGE
### (PROPERTY DAMAGE)
### This Section Applies Only If Uninsured Motorists Coverage (Property Damage)
### Is Indicated On The Declarations Page

### INSURING AGREEMENT

A. We will pay compensatory damages which you are legally entitled to recover
from the owner or operator of an **uninsured motor vehicle** because of **prop-
erty damage** caused by an accident arising out of actual physical contact with
**your covered auto**. The owner's or operator's liability for these damages must
arise out of the ownership, maintenance or use of the **uninsured motor vehi-
cle**.
Any judgment for damages arising out of a suit brought without our written
consent is not binding on us.

Form 8412                                Page 12 of 31

B. "Property damage" as used in this Part C Section II means injury to or destruction of **your covered auto**. However, **property damage** does not include:

    **1.** Loss of use of **your covered auto**; or

    **2.** Damage to personal property contained in **your covered auto**.

C. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

    **1.** To which no liability bond or policy affording coverage for **property damage** applies at the time of the accident.

    **2.** To which a liability bond or policy affording coverage for **property damage** applies at the time of the accident. In this case, its limit for property damage liability must be less than the minimum limit for property damage liability specified by the financial responsibility law of Illinois.

    **3.** To which a liability bond or policy affording coverage for **property damage** applies at the time of the accident but the bonding or insuring company:

        **a.** Denies coverage; or

        **b.** Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:

    **1.** Owned by or furnished or available for the regular use of you or any **family member.**

    **2.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

    **3.** Owned by any governmental unit or agency.

    **4.** Operated on rails or crawler treads.

    **5.** Designed mainly for use off public roads while not on public roads.

    **6.** While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **property damage**:

    **1.** If you or your legal representative settles the **property damage** claim without our consent.

    **2.** When **your covered auto** is being used as a public or livery conveyance. This Exclusion (**A.2.**) does not apply to a share-the-expense car pool.

    **3.** For the first $250 of the amount of the **property damage** to each of **your covered autos** as the result of any one accident.

    **4.** To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy.

    **5.** If the owner or operator of the **uninsured motor vehicle** cannot be identified.

B. This coverage shall not apply directly or indirectly to benefit any insurer of the property.

C. We do not provide Property Damage Uninsured Motorists Coverage for punitive or exemplary damages.

Form 8412                Page 13 of 31

## LIMIT OF LIABILITY

A. Our maximum limit of liability for all damages resulting from any one accident will be the lesser of:
1. The limit of liability shown in the Declarations; or
2. The actual cash value of **your covered auto**.

This is the most we will pay, regardless of the number of:
1. Claims made;
2. Vehicles or premiums shown in the Declarations; or
3. Vehicles involved in the accident.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

## OTHER INSURANCE

If there is other applicable insurance that is similar to the insurance provided by this endorsement, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other such collectible insurance.

## ARBITRATION

A. If we and an **insured** do not agree:
1. Whether that person is legally entitled to recover damages under this Part C Section II; or
2. As to the amount of damages;

the **insured** may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association.

B. Each party will:
1. Pay the expenses it incurs; and
2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the **insured** is legally entitled to recover damages; and
2. The amount of damages.

## ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS

A person seeking coverage under this Part C Section II must also:
1. Promptly send us copies of the legal papers if a suit is brought.
2. Provide us with:
   a. The name and address of the owner of the **uninsured motor vehicle**; or

**Form 8412**                                        **Page 14 of 31**

    **b.** The registration number or description of such vehicle; or
    **c.** Any other available information to establish that there is no applica-
      ble motor vehicle property damage liability insurance.

---

**SECTION III - UNDERINSURED MOTORISTS COVERAGE**
**This Section Applies Only If Underinsured Motorists Coverage**
**Is Indicated On The Declarations Page**

---

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an **insured** is legally entitled to
recover from the owner or operator of an **underinsured motor vehicle** be-
cause of **bodily injury:**

    **1.** Sustained by an **insured;** and

    **2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the
ownership, maintenance or use of the **underinsured motor vehicle.**

We will pay under this coverage only after the limits of liability under any bod-
ily injury liability bonds or policies applicable to the **underinsured motor ve-
hicle** have been exhausted by payment of judgments or settlements, unless:

    **1.** We have been given written notice of a **tentative settlement** and decide
      to advance payment to the **insured** in an amount equal to that settlement;
      or

    **2.** We and an **insured** have reached a **settlement agreement.**

**B.** **"Insured"** as used in this Part C Section III means:

    **1.** You or any **family member.**

    **2.** Any other person **occupying:**

      **a.** **Your covered auto;** or

      **b.** Any other auto operated by you.

    **3.** Any person for damages that person is entitled to recover because of
      **bodily injury** to which this coverage applies sustained by a person de-
      scribed in 1. or 2. above.

**C.** **"Underinsured motor vehicle"** means a land motor vehicle or trailer of any
type to which a bodily injury liability bond or policy applies at the time of the
accident but its limit for bodily injury liability is less than the limit of liability for
this coverage.

However, **underinsured motor vehicle** does not include any vehicle or
equipment:

    **1.** To which a bodily injury liability bond or policy applies at the time of the
      accident but its limit for bodily injury liability is less than the minimum limit
      for bodily injury liability specified by the financial responsibility law of Illi-
      nois.

    **2.** Owned by or furnished or available for the regular use of you or any **fam-
      ily member.**

    **3** Owned by any governmental unit or agency.

    **4.** Operated on rails or crawler treads.

    **5.** Designed mainly for use off public roads while not upon public roads.

**Form 8412**                  **Page 15 of 31**

    6.   While located for use as a residence or premises.

    7.   Owned or operated by a person qualifying as a self-insurer under any applicable motor vehicle law.

    8.   To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

       a.   Denies coverage; or

       b.   Is or becomes insolvent.

**D.** "**Tentative settlement**" means an offer from the owner or operator of the **underinsured motor vehicle** to compensate an **insured** for damages incurred because of **bodily injury** sustained in an accident involving the **underinsured motor vehicle**.

**E.** "**Settlement agreement**" means we and an **insured** agree that the **insured** is legally entitled to recover, from the owner or operator of the **underinsured motor vehicle**, damages for **bodily injury** and, without arbitration, agree also as to the amount of damages. Such agreement shall be final and binding regardless of any subsequent judgment, or settlement reached by the **insured** with the owner or operator of the **underinsured motor vehicle**.

## EXCLUSIONS

**A.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained:

    1.   By an **insured** while **occupying**, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

    2.   By any **family member** while **occupying**, or when struck by, any motor vehicle **you** own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured**:

    1.   While **occupying your covered auto** when it is being used as a public or livery conveyance. This Exclusion (**B.1.**) does not apply to a share-the-expense car pool.

    2.   Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**B.2.**) does not apply to a **family member** using **your covered auto** which is owned by you.

    3.   While **occupying** any auto not owned by, or furnished or available for the regular use of, you or any **family member** when it is being used as a public or livery conveyance. However, this Exclusion (**B.3.**) does not apply to:

       a.   A share-the-expense car pool; or

       b.   You or any **family member**.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

    1.   Workers' compensation law; or

    2.   Disability benefits law.

    **D.**  We do not provide Underinsured Motorists Coverage for punitive or exemplary damages.

**LIMIT OF LIABILITY**

**A.**  The limit of liability shown in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

    **1.**  **Insureds**;

    **2.**  Claims made;

    **3.**  Vehicles or premiums shown in the Declarations; or

    **4.**  Vehicles involved in the accident.

**B.**  Except in the event of a **settlement agreement**, the limit of liability for this coverage shall be reduced by all sums paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this policy.

**C.**  In the event of a **settlement agreement**, the maximum limit of liability for this coverage shall be the amount by which the limit of liability for this coverage exceeds the limits of bodily injury liability bonds or policies applicable to the owner or operator of the **underinsured motor vehicle**.

**D.**  The limit of liability for this coverage shall be reduced by all sums:

    **1.**  Paid or payable because of the **bodily injury** under any automobile medical payments coverage. This includes all sums paid under Part **B** of this policy.

    **2.**  Paid or payable because of the **bodily injury** under any of the following or similar law:

        **a.**  Workers' compensation law; or

        **b.**  Disability benefits law.

    However, this Paragraph (**D.2.**) shall not apply to disability benefits received under the federal Social Security Act.

**E.**  No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B** or Part **C** of this policy.

**F.**  We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**G.**  We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

    **1.**  Workers' compensation law; or

    **2.**  Disability benefits law.

However, this Paragraph (**G.**) shall not apply to disability benefits received under the federal Social Security Act.

**Form 8412**                Page 17 of 31

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided by this Part C Section III :

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

3. If the coverage under this policy is provided:

   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

## ARBITRATION

A. If we and an **insured** do not agree:

   1. Whether that person is legally entitled to recover damages under this Part C Section III; or

   2. As to the amount of damages;

   either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association.

B. We will bear all the expenses of the arbitration except when the **insured's** recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the **insured** will be responsible up to the amount by which the **insured's** recovery exceeds the statutory minimum for:

   1. Payment of his or her expenses; and

   2. An equal share of the third arbitrator's expenses.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

   1. Whether the **insured** is legally entitled to recover damages; and

   2. The amount of damages.

Form 8412                    Page 18 of 31

**ADDITIONAL DUTIES**

Any person seeking coverage under this Part C Section III must also:

1. Give us written notice of a **tentative settlement** and allow us 30 days to advance payment in an amount equal to that settlement to preserve our rights against the owner or operator of the **underinsured motor vehicle.**

2. File suit against the owner or operator of the **underinsured motor vehicle** prior to the conclusion of a **settlement agreement**. Such suit cannot be abandoned, or settled without giving us written notice of a **tentative settlement** and allowing us 30 days to advance payment in an amount equal to that settlement to preserve our rights against the owner or operator of the **underinsured motor vehicle.**

3. Promptly send us copies of the legal papers if a suit is brought.

**PART F - GENERAL PROVISIONS**

The Our Right To Recover Payment Provision of Part F is replaced by the following with respect to Underinsured Motorists Coverage:

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this Paragraph (A.) do not apply if we:

1. Have been given written notice of a **tentative settlement**; and

2. Fail to advance payment to the **insured** in an amount equal to the **tentative settlement** within 30 days after receipt of notification.

If we advance payment to the **insured** in an amount equal to the **tentative settlement** within 30 days after receipt of notification:

1. That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage.

2. We also have a right to recover the advanced payment.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

However, in the event of a **settlement agreement**, we shall be entitled to a recovery under Paragraphs **A.** and **B.** only for amounts which exceed the limit of bodily injury liability bonds or policies applicable to the owner or operator of the **underinsured motor vehicle**.

**Form 8412**                              Page 19 of 31